## TROY MANUFACTURING COMPANY and Others, Appellants, v. STAR KNITTING COMPANY, Respondent.

*Local association of manufacturers — bonds given by the members to obey the constitution — conditions and breaches of — complaint on — cause of action — effect of individual membership in national association.*

The knit goods manufacturers of a certain locality formed an association, under a constitution which provided for the giving of a bond by each member to the others, conditioned for the payment of a certain sum as liquidated damages in case of a failure to observe the requirements of the constitution.

It appeared that the object and intent of the contract between the parties was to enforce obedience of the members of the association to the decisions of its committees as to prices and as to disputes with each other or their, or either of their, employees, and that there was nothing in the bond importing a covenant on the part of the obligor to shut down his mill on the order of the association because another local association had closed its mills.

*Held,* in an action by certain members of such local association against one of the members on his bond, that a complaint, based on allegations of a failure on the part of the defendant to shut down his mill on the order of the association, did not state a cause of action.

It was claimed by the plaintiffs that by the action of every member of their local association in joining the "National Knit Goods Manufacturers' Association," and adopting its constitution, an amendment had been effected in the constitution of the local association by engrafting therein a provision of the national association's constitution, which required the shutting down of mills under the circumstances alleged in the complaint, and which rendered a failure so to do a breach of the bond.

*Held,* that if the constitution of the unincorporated local association could be changed by its members individually, by their joining the national association, and without associate action (which is doubted), it was for the plaintiffs to show some provision in the local association's constitution under which such an amendment could be effected, the bond in suit having been executed before the alleged amendment, and being, in effect, conditional on a failure to obey the constitution as it was at the time, or as it should be, lawfully amended or changed.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of Albany county on the 8th day of December, 1891, in favor of the defendant for costs, on the dismissal of the complaint, ordered on the opening of counsel at the circuit; also an appeal from the order, entered in said clerk's office December 8, 1891, dismissing the complaint.

The action was brought upon a bond to recover a penalty of $5,000 as liquidated damages.

*Charles F. Doyle,* for the appellant.

*E. W. Douglas* and *Edwin Countryman,* for the respondent.

PUTNAM, J, :

At the trial on the opening by plaintiff's counsel, the complaint was dismissed on the ground that it did not state a cause of action, and the question for consideration is whether the trial judge reached a correct conclusion in his construction of the pleading.

The facts stated in the complaint, as far as necessary to detail them, are as follows : The plaintiffs and defendant, manufacturers of knit goods, doing business in Cohoes and Waterford, in January or February, 1886, formed an association called "Knit Goods Manufacturers' Association of Cohoes and Waterford," and adopted a constitution and by-laws of which two articles are set out in the complaint, viz : "Article II. Its object is by union and concert of action to protect and advance the interests of its members. Article X. Each manufacturer, firm or corporation shall execute a bond to the other members of this association in the sum of $5,000 as liquidated damages, with the condition that they will abide by the requirements of this constitution."

Thereupon plaintiffs and defendant executed each to the other the bond or writing, a copy of which is contained in the complaint. It recites the formation of said association and its purposes which were to advance the interests of all said parties in said business, the interests of the employers and employees, and for the purpose of settling any dispute between any of the members or as between them or any of them and their employees ; in case of any dispute between the parties or any or either of them and their employees said parties agree to submit such differences to the committee of the said association. The covenants and agreement of the parties contained in said bond are as follows, viz : "That they and each of them will stand to and abide by the constitution of said Knit Goods Manufacturers' Association of Cohoes and Waterford, and any amendments, alterations and additions that may be lawfully made thereto, or any constitution that may be substituted in place of the original and first one adopted, and will stand to and abide by and conform to the prices to be paid for various work and labor in our mills and

business as determined now or hereafter by said association, and will stand to and abide by and carry out the decision of any and all matters which may be passed upon and decided by the standing committee of arbitration of said association, or such committee of arbitration as may be selected under and by virtue of the constitution of said association as between ourselves or us and our employees, or each of us and our employees, or by our said committee of abitration (either standing or selected as above), and any other committee of arbitration or otherwise which may be authorized to act by and for our and each of our respective employees after the same shall be adopted by said association in the manner provided for by its constitution."

The contract further provided that, in case either party failed to perform the covenants in said contract, the parties so failing will forfeit to the others the sum of $5,000 as liquidated damages, to recover which sum this action was brought.

Shortly after the organization of the "Knit Goods Manufacturers' Association of Cohoes and Waterford," the plaintiffs and defendant also become members of "The National Knit Goods Manufacturers' Association," composed of the members of said local association of Cohoes and Waterford, and the members of the local association of Stillwater, Amsterdam, Schenectady and other places. The national association adopted a constitution which was duly signed by the parties hereto. Section 4 of article 5 thereof is as follows :

"Section 4. Whenever a strike or lockout shall occur in any mill, and a closing of all the mills in the local association to which such firm or corporation belongs shall be ordered by such local association, a meeting of the national executive committee may immediately be called by such local association at such place as may be designated by the chairman of the National Executive Committee, and this committee shall prepare a statement of the facts and causes of the strike or lockout and certify such statement to the other local associations, who shall at once proceed to vote whether they will sustain such lockout by shutting down their mills, or otherwise, as may be satisfactory to the parties or locality affected during its continuance, and a vote of two-thirds of their members (voting according to sets represented by the local association), such votes, properly authenticated, shall be returned to the National Executive Committee, whose

business it shall be to count said votes, and if it is found that two-thirds of all the sets of machinery, as represented in the National Association, voted in favor of the proposition submitted, the same shall be binding upon all; and any individual members refusing to stand by the same shall forfeit his bond to the local association of which he is a member, the same as though the local association had ordered it."

A strike occurred in Amsterdam on September 29, 1886, and the local association of that city ordered a closing of all the mills therein. At a subsequent meeting, called by the executive committee of the national association, and after due proceedings it was resolved that all the mills represented therein, including those of plaintiffs and defendant, should be shut down on October 16, 1886. The local association of Cohoes and Waterford (hereafter called the "Cohoes Association"), by resolution, duly passed, directed that the mills operated by plaintiffs and defendant should cease work at the time mentioned. Defendant, however, refused to shut down its mill, but, on the contrary, continued to operate the machinery therein and to manufacture knit goods.

The action, it must be remembered, was brought upon the sealed instrument claimed to have been executed by defendant to the plaintiffs, a copy of which is contained in the complaint, the covenants on the part of defendant, and the other parties thereto, contained therein being hereinabove set out.

The alleged breach of the conditions of said bond, on account of which the action was brought, was the refusal of defendant to shut down its mill during the strike of the operatives of Schuyler & Blood, of Amsterdam. It will be observed, however, by a careful examination of the contract, that the defendant does not therein covenant to shut down its mill on the order of a national or local association, or otherwise, on account of any strike. The covenants in the bonds are, "we" will abide by the constitution of the association, and any lawful amendment or alteration thereto or any substituted constitution, and will conform to the prices to be paid for work established by the association, and will abide by and carry out any and all matters decided by the standing committee of arbitration, or such committee of arbitration as may be selected, as between ourselves or us and our employees, or by our committee of arbitration, and

any other committee of arbitration which may be authorized to act by and for our, and each of our, respective employees.

I think the trial judge was correct in holding that plaintiffs in the complaint failed to show any breach by defendant of any covenant made by it in said contract. The only provisions of the constitution of the Knit Goods Manufacturers' Association, of Cohoes and Waterford, set out in the complaint, are the two articles above quoted. The complaint does not allege or show any breach by defendant of the covenants contained in the bond as to said two articles or any other article of the constitution. It is not alleged that defendant has not conformed to the prices for labor established by the association, or has failed to obey its decisions as to any matter between the members, or between the members, or either of them, and their employees. In fact, I am unable to find any breach alleged in the complaint by the defendant of the covenants contained in the contract and sealed instrument on which the action is brought.

By a careful reading of the recitals as to the purposes for which the association was formed, contained in the bond in question, it will be seen that the object and intent of the contract was to enforce the obedience of the members of the association to the decisions of its committees as to prices, as to disputes with each other, or their, or either of their, employees. There is nothing in the bond looking like a covenant on the part of the defendant that it would shut down its machinery on the order of the association because a local association of Amsterdam had closed the mills of that city.

As I understand plaintiffs' position, however, it is not strenuously urged that any breach of the condition of the bond on the part of the defendant is shown under the constitution and by-laws of the Cohoes association, in force when said bond was executed. But it is insisted that as *every member* of the Cohoes association subsequently became members of, and adopted the constitution of the national association, such adoption effected an amendment of the constitution of the former, and had the effect of engrafting section 4 of article 5 (*supra*) thereon, and that hence, for a refusal of defendant to shut down its mill under the direction of the national association, as provided in the said section, this action can be maintained as for a breach of the covenants contained in said bond.

I think this position of plaintiffs is untenable. The Cohoes association is an unincorporated body of manufacturers, acting together, with a constitution and by-laws adopted for its government. It is clear, in my judgment, that to amend its constitution and by-laws, there must be a vote of its members, associate action in the way pointed out by its constitution and by-laws. It is also evident that the action of the *individual* members of the association in joining as *individuals* and adopting the constitution of the national association, composed of said individuals and members of other local associatiòns· in Schenectady, Amsterdam, Stillwater and other places, could have no effect whatever, upon the constitution. That constitution could· only be changed by associate action. The action of its members in another association is not associate action.

If, however, the constitution of the Cohoes association *could be* changed by its members joining the national association, in an action against defendant on its bond previously executed, it was for plaintiff's, in their complaint, to allege and show some provision in the said constitution under which such an amendment could be effected. Defendant is only liable on the covenants contained in its bond. In substance, it agrees to pay, as liquidated damages, $5,000 if it fails to obey the constitution as it was at the time the bond was executed, or as it should be *lawfully* amended or changed. As we have seen, it does not appear that defendant has failed to obey the constitution as it was when he executed the bond. It was incumbent on plaintiffs to allege in the complaint facts showing that said constitution could be lawfully· amended by the adoption by the individual members of the association of the constitution of another and different association. The plaintiffs, in their complaint, fail to set out any such facts. In the absence of such allegations, it is to be presumed that the constitution of the Cohoes association could only be amended in the usual way, by associate action.

Other objections might be suggested to the above-considered position of plaintiffs, but I think it requires no further discussion.

Without considering, therefore, the claim asserted by defendant that the bond in suit is void as contrary to public policy; also because it was made in restraint of trade; also because the defendant corporation had no power to execute it, I think the trial judge

was right in dismissing the complaint for the reasons above stated, and, therefore, that the judgment should be affirmed, with costs.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Judgment affirmed, with costs.